## ALVAH KELLY *vs.* WILLIAM A. WAITE.

An oral lease for years gives the lessee only an estate at will, which is determined by a written lease for years, given by the lessor to another person.

A., the owner of land, made an oral lease thereof to W., in the month of March, for the season: In May following, A. made a written lease of the same land to D., for the season, and D. immediately entered thereon, gave notice to W.'s servants, who were at work there, that he had such written lease, and ordered them away: W. did not again enter upon the land until July, when he entered and carried away the hay and grass, which D. had sold to K. *Held*, that if W. had notice of the lease to D., he was liable to K. in an action of trespass *de bonis asportatis*.

TRESPASS for taking and carrying away the plaintiff's hay and grass from a lot of land belonging to the East Boston

Company. At the trial in the court of common pleas, before *Ward*, J. the plaintiff produced a written lease of said lot of land, dated May 8th 1844, made by the agent of said company to E. Dow, " for the season ; " and then gave evidence of a sale to him, by said Dow, of the said hay and grass, and of the taking and carrying away thereof by the defendant, on the 4th, 5th, and 6th of July 1844.

The defendant then introduced evidence tending to prove that, in March 1844, the said agent of said company orally leased the same land to the defendant for the same term, (" for the season,") and that the defendant entered on the land, and cultivated a part of it, and repaired the fences.

The plaintiff introduced evidence tending to rebut the evidence of the said oral letting, and also tending to show that, at about the date of the written lease, said Dow entered upon the land, ordered away the defendant's servants, who were at work there, and gave notice to them of his lease. And there was no evidence that the defendant again entered upon the land, until July 4th 1844.

The authority of the said agent of the East Boston Company to make an oral lease of said land was not denied by the plaintiff. He contended, however, that the written lease to Dow annulled the prior oral lease to the defendant, if any such were ever made. But the judge ruled otherwise, and instructed the jury, *first*, that if the defendant had, in March, received an oral lease of the land, and entered under such lease, and had never abandoned nor surrendered his lease or interest in the land, he was entitled to a verdict ; and *secondly*, that if the defendant had, in March, an oral lease, and entered and occupied under it until May, and then received notice of the written lease to Dow, and thereupon surrendered his oral lease, and relinquished the premises to Dow, with intent to yield up his right of possession, he could not afterwards resume his possession.

The jury returned a verdict for the defendant, and the plaintiff thereupon alleged exceptions to the foregoing instructions.

*D. A. Simmons,* for the plaintiff.

*Willey,* for the defendant.

SHAW, C. J.   To test the correctness of the instructions given to the jury, it becomes necessary to consider the relations of the parties to each other, in the case stated in the exceptions.

By the parol lease to the defendant, (supposing it to have been made by an agent duly authorized by the company,) and by force and effect of the statute, he acquired an estate at will only, although the parol agreement was for a longer time.   Rev. Sts. *c.* 59, § 29.   Being an estate at the will of both parties, it was determinable by the lessor, by any act of ownership, inconsistent with its further continuance ; and it is a fixed rule, that if the owner of the land, which is in the occupation of a tenant at will, makes a feoffment, or a lease for years, to commence immediately, the estate at will is thereby determined.   2 Bl. Com. 146.   10 Met. 229.   A lease "for the season," being a demise for a certain time, though it may be construed to be for a term less than a year, is technically a lease for years.   2 Bl. Com. 140.

The defendant's estate at will being thus determined, he became tenant at sufferance ; one whose entry was lawful, but whose right to hold was determined.   By a former statute, (*St.* 1825, *c.* 89, § 4,) it was provided that tenants at sufferance, as well as tenants at will, should have notice to quit.   But this was altered by Rev. Sts. *c.* 60, § 26, limiting the right of notice to tenants at will only, for the reasons expressed by the commissioners in their note on this enactment.

It has been determined in several cases, since the passing of the revised statutes, that a tenant at sufferance is not entitled to notice to quit, but is a mere holder without right. If, therefore, he has notice of such determination of his estate at will, and sufficient time to remove from the premises, and he again enters, he is a trespasser.   *Kinsley* v. *Ames,* 2 Met. 29.   *Hollis* v. *Pool,* 3 Met. 350.   *Benedict* v. *Morse,* 0 Met. 223.

Kelly *v.* Waite.

The court are therefore of opinion, that the direction of the judge, in matter of law, was not correct. That direction was, that unless the defendant had abandoned his lease, or surrendered his interest, on notice of the lease to Dow, that is, unless by some act or declaration, he yielded and submitted to that title, he was entitled to a verdict. Whereas, we think the jury should have been instructed, that on the execution and delivery of the lease to Dow, and his entry under it, the defendant became tenant at sufferance; that if he had notice of the lease to Dow, and afterwards returned and took the hay and grass, he was a trespasser, and the plaintiff was entitled to a verdict.

If there was any question whether the defendant had notice of the lease to Dow, the evidence, showing that Dow entered upon the land, ordered away the defendant's servants, who were at work there, and gave notice to them of his lease, should have been left to the jury. But the instruction went upon the assumption that, although the defendant had notice of Dow's lease, yet, if he did not consent to it, and voluntarily abandon the premises, he was entitled to a verdict. It assumes that the defendant, under his parol demise, had a right to the possession, for the year or the season, of which he could not be divested, except by his own act or consent.

If there be any supposed hardship in the case, it results from the express provision of law, that a letting by parol, for a term of time, shall have the force and effect of a tenancy at will only, and the rule of the common law, that the lessor may determine the tenancy at his will, and that a conveyance or lease of the premises to another is in law a determination of the lease at will.

*New trial granted.*